**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 31 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JIM L. MAUK,

        Petitioner-Appellant,

v.

GLYNN BOOHER,

        Respondent-Appellee.

No. 00-6321
(D.C. No. CIV-98-1544-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **BRORBY** , and **BRISCOE** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      Petitioner Jim L. Mauk, a prisoner of the State of Oklahoma appearing pro se, appeals from the denial of his petition for habeas relief filed under

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

28 U.S.C. § 2254. The district court did not grant or deny a certificate of appealability. Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a certificate of appealability within thirty days after filing of the notice of appeal as a denial of a certificate. Petitioner has filed an application for a certificate of appealability in this court. See 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has also filed a motion for leave to proceed on appeal without prepayment of costs or fees.

Petitioner was convicted of conspiracy, commercial gambling, and corrupt organizations activity. He was sentenced to fifteen years' imprisonment and a $30,000 fine. His petition for state post-conviction relief was denied. The magistrate judge, in a thirty-three page report and recommendation, recommended that federal habeas relief be denied. Petitioner filed objections to the magistrate judge's report, adding for the first time an argument that trial, appellate, and state post-conviction counsel were constitutionally ineffective. The district court deemed petitioner's ineffective assistance claim waived, otherwise adopted the magistrate judge's report and recommendation, and denied relief.

Petitioner argues on appeal that: (1) the criminal information did not sufficiently inform him of the charges against him; (2) insufficient evidence

existed to support the corrupt organizations conviction; (3) the trial court erroneously failed to give a jury instruction on the term "enterprise"; (4) his convictions for racketeering and conspiracy to commit commercial gambling constituted a double jeopardy violation; (5) the Oklahoma Corrupt Organizations Act is overly broad and unconstitutionally vague; and (6) appellate and state post-conviction counsel were constitutionally ineffective. We have carefully considered petitioner's arguments in light of the record on appeal. We find no error, and deny a certificate of appealability for substantially the same reasons as those set forth in the magistrate judge's thorough and well-reasoned report and recommendation, as modified and adopted by the district court.

Petitioner's motion for leave to proceed on appeal without prepayment of costs or fees is denied. Petitioner's application for a certificate of appealability is denied. The appeal is DISMISSED.

Entered for the Court


Wade Brorby
Circuit Judge